**Affirmed and Memorandum Opinion filed April 2, 2013.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-12-00564-CR**
**NO. 14-12-00565-CR**
**NO. 14-12-00566-CR**

**EX PARTE FELIPE JESUS JUAREZ**

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Cause Nos. 1806170, 1806171, and 1806172**

## M E M O R A N D U M   O P I N I O N

Appellant Felipe Jesus Juarez appeals from the habeas court's order denying his application for a writ of habeas corpus premised on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). In a single issue on appeal, appellant contends the habeas court erred by denying relief required by *Padilla*. We affirm.

After the trial court denied his motion to suppress, appellant pleaded guilty to two Class A misdemeanors and one Class B misdemeanor, respectively (1) unlawfully carrying a weapon; (2) possession of a controlled substance; and (3) possession of marijuana. This court affirmed his conviction on direct appeal. *See*

*Juarez v. State*, Nos. 14-05-00196-CR, 14-05-00197-CR, 14-05-00198-CR, 2006 WL 300409 (Tex. App.—Houston [14th Dist.] Feb. 9, 2006, no pet.) (not designated for publication).  This court's mandate issued on April 10, 2006.

After the United States Supreme Court rendered its decision in *Padilla*, appellant filed an application for a writ of habeas corpus.  The habeas court held an evidentiary hearing, denied the writ, and issued findings of fact and conclusions of law.  While this appeal was pending, the United States Supreme Court held in *Chaidez v. United States*, 133 S. Ct. 1103 (2013), that *Padilla* announced a "new rule" of criminal procedure so that "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Id.* at 1107 (citing *Teague v. Lane*, 489 U.S. 288, 301 (1988)); *see also Ex parte De Los Reyes*, No. PD-1457-11, — S.W.3d —, 2013 WL 1136517, at *4 (Tex. Crim. App. Mar. 20, 2013) (declining to "accord retroactive effect to *Padilla* as a matter of state habeas law").  Appellant concedes in his brief that his conviction "became final before *Padilla* was decided."  Accordingly, appellant cannot rely on *Padilla* to challenge his conviction in this collateral proceeding.  *See Ex parte De Los Reyes*, 2013 WL 1136517, at *4; *Ex parte Luna*, No. 14-11-01063-CR, — S.W.3d —, 2013 WL 1197777, at *1 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet. h.).

Appellant does not argue that counsel's performance was deficient under pre-*Padilla* law.  *See Ex parte Luna*, 2130 WL 1197777, at *5.  Thus, we overrule appellant's sole issue on appeal, and we affirm the habeas court's order denying the writ.

/s/    Sharon McCally
Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

2